**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY REYES, an individual, and CHERICE REYES, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANS UNION LLC, a foreign corporation; EQUIFAX INFORMATION SERVICES LLC, a foreign limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; and SETERUS, INC., a foreign corporation, <br><br> Defendants. | CASE NO.: <br><br><br> **COMPLAINT** |

Plaintiffs, Anthony Reyes and Cherice Reyes (hereinafter collectively referred to as "Plaintiffs"), by and through counsel, and for their complaint against Trans Union LLC, Equifax Information Services LLC, Experian Information Solutions, Inc. and Seterus, Inc. (hereinafter collectively referred to as "Defendants"), allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act).

///

///

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. Plaintiffs are natural persons residing in the State of Nevada. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

5. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, Defendant Equifax Information Services LLC (hereinafter "Equifax") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

8. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, Defendant Experian Information Solutions Inc., (hereinafter "Experian") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

11. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

12. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, Seterus, Inc. (hereinafter "Seterus") is a Delaware corporation, conducting business in the State of Nevada.

14. Upon information and belief, Seterus is a national bank, authorized to do business in the State of Nevada.

## FACTUAL ALLEGATIONS

15. Plaintiffs[1] owned the real property located at 1090 Swinford Court, Henderson, NV 89002, APN # 179-21-215-049 (the "Subject Property").

16. Plaintiff had a mortgage on the subject property which was serviced by Defendant Seterus at all times relevant hereto.

17. In 2012, Plaintiffs sought to short sale the subject property, via professional assistance.

18. Prior to the short sale being approved, Plaintiffs made a payment to Seterus for the aforementioned loan on June 4, 2012 in the amount of $2,156.83.

19. On June 18, 2012, Plaintiffs paid Seterus a bi-weekly payment in the amount of $1,080.68.

20. On June 29, 2012, Plaintiffs paid Seterus a bi-weekly payment in the amount of $1,080.68.

21. In early July, Seterus reversed the two June bi-weekly payments and applied them to the loan to satisfy Plaintiffs' July payment.

22. Furthermore, on or around July 6, 2012, Seterus confirmed Plaintiffs mortgage was paid in full through July 2012.

23. On August 13, 2012, Plaintiffs used a bill pay service through their personal banking accounts at Wells Fargo, to schedule and pay Seterus $2,117.73.

24. On August 21, 2012, the August 13th payment discussed above, was returned and credited to Plaintiffs' Wells Fargo account.

---

[1] Plaintiffs' credit reports, dispute letters and factual allegations relating thereto are all identical.

25. On September 10, 2012, Seterus sent Plaintiffs a settlement agreement allowing Plaintiffs to short sale the subject property. Plaintiffs signed and accepted the settlement agreement on September 11, 2012.

26. On October 22, 2012, the short sale was completed as the subject property was sold to a third-party.

27. Effective October 31, 2012, the deficiency balance remaining after the short sale was completed was "cancelled" by Seterus, via a 1099-C issued to Plaintiffs.

28. In the beginning of 2013, Plaintiffs pulled their credit reports and found the following inaccurate information, for the Seteurs trade line, on both Anthony and Cherice Reyes' credit reports:

    a. Defendant Equifax was reporting Plaintiffs as 30 days late for August 2012 and 60 days late for September 2012.

    b. Defendant Experian was reporting Plaintiffs as 30 days late for August 2012 and 60 days late for September 2012.

    c. Defendant Trans Union was reporting Plaintiffs as 30 days late for August 2012 and 60 days late for September 2012.

29. Plaintiffs attempted to resolve the inaccurate information on their own by contacting Seterus and others. Plaintiffs' attempts were futile.

30. Upon information and belief, Defendant Seterus reported the above-referenced inaccurate information on Plaintiff's credit report to Trans Union, Equifax and Experian.

31. Plaintiffs disputed the accuracy of the reported information with Trans Union, Experian and Equifax via written certified U.S. mail on or around June 1, 2013.

32. Plaintiff also mailed a copy of the dispute letters to Seterus.

33. Trans Union, Experian and Equifax all failed to correct the inaccuracies in Plaintiffs' credit report of which Plaintiff disputed.

34. The following information in Plaintiffs' respective credit reports remains inaccurate:

      a.    Defendant Equifax is reporting Plaintiffs as 30 days late for August 2012 and 60 days late for September 2012.

      b.    Defendant Experian is reporting Plaintiffs as 30 days late for August 2012 and 60 days late for September 2012.

          i.    Furthermore, upon receiving Plaintiffs' dispute, Experian updated Plaintiffs' respective credit reports to show $2,161 was paid for August 2012 (only $2,117 was actually due), yet continues to report Plaintiffs as 30 days late for August 2012.

          ii.    For September 2012, Experian is reporting Plaintiffs were 60 days late, yet states in their notes they had "No Data for this time period" ("ND") as to the "Actual Amount Paid" ("AAP").

          iii.    Experian is also reporting Plaintiffs owed $2,117 for October 2012, yet the short sale Settlement Agreement was executed on September 11, 2012, the house was sold to a third party on October 22, 2012 and the debt was cancelled October 31, 2012.

      c.    Defendant Trans Union is reporting Plaintiffs as 30 days late for August 2012 and 60 days late for September 2012.

          i.    Defendant Trans Union is also notating Plaintiffs had a "Maximum Delinquency of 90 days in 10/2012" and "Account 90 days Past Due Date." This information is inaccurate for the reasons stated herein.

35. Upon Plaintiffs disputing the inaccurate information, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify Seterus' representations.

36. In the alternative to the allegation that Trans Union failed to contact Seterus, it is alleged that Trans Union did forward some notice of the dispute to Seterus and Seterus failed to conduct a lawful investigation.

37. Upon Plaintiffs disputing the inaccurate information, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify Seterus' representations.

38. In the alternative to the allegation that Experian failed to contact Seterus, it is alleged that Experian did forward some notice of the dispute to Seterus and Seterus failed to conduct a lawful investigation.

39. Upon Plaintiffs disputing the inaccurate information, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify Seterus' representations.

40. In the alternative to the allegation that Equifax failed to contact Seterus, it is alleged that Equifax did forward some notice of the dispute to Seterus and Seterus failed to conduct a lawful investigation.

**FIRST CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681e(b) against Trans Union)**

41. Plaintiffs reincorporate by reference all of the preceding paragraphs as if fully set forth herein.

42. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiffs.

43. As a result of this conduct, action and inaction of Trans Union, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

44. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. 1681o.

45. Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

**SECOND CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681i against Trans Union)**

46. Plaintiffs reincorporate by reference all of the preceding paragraphs as if fully set forth herein.

47. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Seterus; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files; and by relying upon verification from a source it has reason to know is unreliable.

48. As a result of this conduct, action and inaction of Trans Union, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

50. Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

**THIRD CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681e(b) against Experian)**

51. Plaintiffs reincorporate by reference all of the preceding paragraphs as if fully set forth herein.

52. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiffs.

53. As a result of this conduct, action and inaction of Experian, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

54. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. 1681o.

55. Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

**FOURTH CLAIM FOR RELIEF**
**(Violation of 15 U.S.C. § 1681i against Experian)**

56. Plaintiffs reincorporate by reference all of the preceding paragraphs as if fully set forth herein.

57. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiffs' credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Seterus; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files; and by relying upon verification from a source it has reason to know is unreliable.

58. As a result of this conduct, action and inaction of Experian, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

59. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

60. Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

**FIFTH CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681e(b) against Equifax)**

61. Plaintiffs reincorporate by reference all of the preceding paragraphs as if fully set forth herein.

62. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiffs.

63. As a result of this conduct, action and inaction of Equifax, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

64. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. 1681o.

65. Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

**SIXTH CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681i against Equifax)**

66. Plaintiffs reincorporate by reference all of the preceding paragraphs as if fully set forth herein.

67. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiffs' credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Seterus; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and by relying upon verification from a source it has reason to know is unreliable.

68. As a result of this conduct, action and inaction of Equifax, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70. Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

## SEVENTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681s-2(b) against Seterus)

71. Plaintiffs reincorporate by reference all of the preceding paragraphs as if fully set forth herein.

72. Seterus violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the false representation within Plaintiffs' credit files with Trans Union, Equifax and Experian by failing to fully and properly investigate Plaintiffs' dispute of Seterus' representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union, Equifax and Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of their representations to the consumer reporting agencies.

73. As a result of this conduct, action and inaction of Seterus, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

74. Seterus' conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 U.S.C. 1681o.

75. Plaintiffs are entitled to recover costs and attorney's fees from Seterus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, on all counts, for the following:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs and reasonable attorneys' fees;
5. A trial by jury; and
6. For such other and further relief as the Court may deem just and proper.

Dated this <u>8th</u> day of August, 2013.

**COGBURN LAW OFFICES**

By: <u>s/ Larson A. Welsh, Esq.</u>
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
*Attorneys for Plaintiffs*

**COGBURN LAW OFFICES**
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936